FILED

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 JUL 16  AM 10: 26

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

IN RE: Request for assistance made by the
Prosecutor's Office of Baden, Aargau/
Switzerland on July 4, 2014 in re
Banzinger Roland Raphael
_____/

Case No. 3:15-mc-23-J-39mcR

## IN CAMERA APPLICATION AND SUPPORTING MEMORANDUM FOR ORDER PURSUANT TO THE TREATY ON MUTUAL ASSISTANCE IN CRIMINAL MATTERS AND 18 U.S.C. § 3512

The United States of America respectfully petitions this Court for an order appointing Michael J. Coolican (or a substitute or successor subsequently designated by the Office of the United States Attorney) as commissioner to collect evidence from witnesses and to take such other action as is necessary to satisfy the attached request from the Swiss Central Authority (the "Request", a copy of which is attached as Exhibit A), which is made pursuant to the Treaty between the United States and the Swiss Confederation on Mutual Assistance in Criminal Matters, signed on May 25, 1973 (the "Treaty", a copy of which is attached as Exhibit B).  This application is made pursuant to the Treaty and 18 U.S.C. § 3512.

### Summary of the Swiss Investigation

The Swiss Central Authority made the Request in connection with a criminal investigation of Roland Raphael Banzinger.  Specifically, the Public Prosecutor's Office in Baden, Switzerland is investigating allegations made by Banzinger's ex-wife, Edith Fink, who claims that Banzinger has failed to make maintenance payments to Fink.

Such conduct is in violation of Article 217, Paragraph 1 of the Swiss Criminal Code. According to the Request, Banzinger is delinquent in the amount of 27,947 Swiss Francs for the period of February 2013 to May 2014. He has previously been ordered to pay a fine in lieu of imprisonment in connection with his failure to make such maintenance payments to Fink.

According to the Request, Banzinger lives in the United States, specifically, at 2 Smoke Tree Place, Palm Coast, Florida.

A. <u>Authority to Execute the Request</u>

   1. <u>The Treaty</u>

Treaties constitute the law of the land and are binding on the courts. U.S. Const. art. VI; *Asakura v. City of Seattle, Washington*, 265 U.S. 332, 341 (1924). The United States and Switzerland entered into the Treaty at issue here to provide mutual legal assistance. *See* Treaty, Article I – Applicability. Under the Treaty, the United States and Switzerland are each obliged to provide assistance to the other in "investigations or court proceedings in respect of offenses the punishment of which falls or would fall within the jurisdiction of the judicial authorities of the requesting State or a state or canton thereof." *Id.*, Art. 1, § 1. Each nation contemplated that it would provide the other with assistance generally comparable to that which is available to its own law enforcement authorities, which assistance includes taking testimony or statements of persons. *Id.*, Art. 1, § 4.

The Treaty empowers federal courts to execute treaty requests in order to comply with the United States' treaty obligations, and contemplates that federal courts will use

2

compulsory measures to execute such requests. *Id.*, Art. 31, § 2; *id.* Art. 4, § 1; *id.* Art. 7, § 1.

The Treaty imposes no dual criminality requirement as a precondition for providing assistance. Consequently, with certain enumerated exceptions, *see id.* Art. 2, the Treaty obligates each nation to provide assistance without regard to whether the conduct under investigation would constitute an offense under the laws of the nation of which assistance is requested. *See id.*, Art. 1, § 1(a).

### 2. Statutory Authority Grounding Execution of Requests for Assistance

Title 18, United States Code Section 3512(a)(1) authorizes a federal court to:

> issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.

Accordingly, Section 3512 empowers the Court to execute the Request here, and separately codifies the longstanding practices and procedures employed by the United States and federal courts to execute requests by foreign authorities for assistance to the fullest extent possible under U.S. law.

### B. Execution of Foreign Requests for Assistance Under the Treaty and Section 3512.

#### 1. Authorization to Make an Application to this Court

Section 3512(a)(1) requires that an application for relief be "duly authorized by an appropriate official of the Department of Justice." For purposes of Section 3512, an application is "duly authorized" when the Department of Justice, Criminal Division, Office of International Affairs, has reviewed and authorized the request and is executing the request itself or has delegated the execution to another attorney for the government.

In this matter, such authorization and delegation is evidenced by a letter dated February 6, 2015 from the Department of Justice, Criminal Division, Office of International Affairs, received by the United States Attorney, transmitting the Request to this district for execution. That letter is attached hereto as Exhibit C.

2. <u>Venue</u>

Section 3512 permits, among other things, the filing of such applications in the district where a person who may be required to appear resides or is located. 18 U.S.C. § 3512(c)(1). As such, the filing of the instant application in the Middle District of Florida is proper because the person who may be required to appear, Banzinger, resides in the district, specifically, in Palm Coast, Florida.

3. <u>Foreign Authority Seeking Assistance Within Section 3512 and the Treaty.</u>

With regard to those entities or persons who may make a request under Section 3512, that is, a requesting "foreign authority," the statute provides:

> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(h).

In this matter, the Request was made by the Federal Department of Justice and Police, *see* Ex. A, which the Treaty specifically designates as the "Central Authority" for making requests on behalf of the Swiss. *See* Treaty Art. 28, § 1.

4

C.   Appointment of a Person as Commissioner to Collect Evidence

  1.   Statutory Authorization

Section 3512(b)(1) provides that a federal judge may "issue an order appointing a person to direct the taking of testimony or statements . . . ." The statute further authorizes the person appointed to issue orders requiring the appearance of a person; to administer any necessary oath; and to take testimony or statements. 18 U.S.C. § 3512(b)(2). Commensurate with past practice, Section 3512 contemplates that a federal court can appoint an attorney for the government, typically a federal prosecutor, as a so-called "commissioner."

If the court so orders, the commissioner may use the attached form (sample is attached as Exhibit D), entitled "commissioner's subpoena," to obtain the requested evidence. See In re: Commissioner's Subpoenas, 325 F.3d 1287, 1291 (2d Cir. 1993) (incorporating in pertinent part a district court's order directing use of commissioner's subpoenas); United States v. Erato, 2 F.3d 11, 13-14 (2d Cir. 1993) (same). This commissioner's subpoena is simply a version of the "order" to be issued by the person appointed by the court under Section 3512(b) to direct the production of evidence. Section 3512 expressly authorizes the service and enforcement of such orders anywhere in the United States, see 18 U.S.C. § 3512(f), that is, permissible service is coextensive with the service of subpoenas in U.S. criminal investigations and prosecutions, see Fed. R. Crim. P. 17(e).

5

## Conclusion

The instant Request is the type of request contemplated for execution under Section 3512. Accordingly, to execute this Request, the United States moves for the issuance of the attached order pursuant to the Treaty and 18 U.S.C. § 3512, appointing the undersigned Assistant U.S. Attorney as commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt and transmission of the evidence as are consistent with the intended use thereof.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney

By: _____
MICHAEL J. COOLICAN
Assistant United States Attorney
USA No. 156
300 N. Hogan Street, Suite 700
Jacksonville, FL 32202-4270
Tel. No. (904) 301-6300
Email: michael.coolican@usdoj.gov